IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

TYRONE HIPPS,                               :
                                            :       CASE NO.  1:19-cv-2815
            Plaintiff,                      :
                                            :       JUDGE SOLOMON OLIVER JR.
     vs.                                    :
                                            :
CUYAHOGA COUNTY, et al,                     :
                                            :
                                            :
            Defendants.                     :

_____

## DEFENDANTS' ANSWER
_____

        Defendants Cuyahoga County and Christopher Perdue, by and through counsel, hereby

submit for their Answer the following.

        1.      Answering Paragraph 1 of Plaintiff's Complaint, Defendants aver said Paragraph is

rhetorical and do not require an answer by these Answering Defendants.

        2.      Answering Paragraphs 2, 10, 11, 12, 14, 16, 21, 24, 25, 27, 28, 29, 30, 31, 32, 33,

34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 53, 54, 55, 56, 57, 59, 60, 61, 62,

64, 65, 66, 67, 68, 76, 77, 78, 96, 97, 98, 100, 103, 104, 105, 106, 107, 109, 110, 111, 113, 116,

117, 120, 121, 122, 123, 124, 125, 126, 127, 128, 129, 130, 133, 134, 137, 138, 139, 142, 143,

146, 147, 148, 149, 150, 157, 158, 161, 163, 164, 165, 166, 167, 168, 170, 171, 172, 173, 174,

175, 178, 179, 181, 182, 183, 184, 185, 186, 187, 189, 190, 191, 192, 193, 195, 196, 197, 198,

199, 200, 201, 203, 204, 205, 206, 208, 209, 210, 211, 212, 213, 217, 218, 219, 220, 221, 222,

223, 225, 226, 228, 229, 230, 231, 232, 234, 235, 236, 237, 239, 240, 242, 243, 244, 246, 247,

248, 250, 251, 252, 254, 255, 256, 266, 270 of Plaintiff's Complaint, Defendants deny the allegations contained therein.

3.      Answering Paragraphs 3, 4, 5, 7, 8, 13, 26, 52, 58, 153, 154, 155, 177, 258, 259, 261, 263, 265 of Plaintiff's Complaint, Defendants admit the allegations contained therein.

4.      Answering Paragraphs 6, 215, 260, 262, 264 of Plaintiff's Complaint, Defendants aver said Paragraphs are legal conclusions and these Defendants are not required to answer the same.

5.      Answering Paragraphs 9, 15, 18, 19, 20, 22, 23, 72, 73, 75, 80, 81, 84, 85, 86, 87, 88, 89, 90, 91, 92, 101, 102, 108, 136, 145, 267 of Plaintiff's Complaint, Defendants are without sufficient information or belief to form an opinion as to the truth of the allegations contained therein and therefore deny the same.

6.      Answering Paragraph 17 of the Complaint, Defendants admit that Hipps had permission to pray between beds at the appropriate times.

7.      Answering Paragraph 51 of the Complaint, Defendant admit there are several cameras in the jail.

8.      Defendants admit that Lucille Dumas was booked into the Euclid jail in 2015. Defendants deny the remaining allegations in Paragraph 63 of the Complaint.

9.      Defendants admit that Joshua Castleberry was incarcerated in the jail on or about February 5, 2018 and further admit that an incident occurred between Castleberry and corrections Officers Wilson and Jozwiak. Defendants deny the remaining allegations in Paragraph 69 of the Complaint for want of knowledge.

10. Defendants admit that Mills was, at various times, the administrator of jail and that he has since resigned and is under indictment. Defendants deny the remaining allegations in Paragraph 70 of the Complaint for want of knowledge.

11. Defendants admit that Castleberry was transported to the hospital. Defendants deny the remaining allegations in Paragraph 71 of the Complaint for want of knowledge.

12. Defendants admit that Officers Wilson and Jozwiak were indicted and note that Jozwiak was acquitted of all charges and Wilson was acquitted of some charges, while the jury was unable to reach a verdict with respect to the remaining charges against Wilson. Defendants deny the remaining allegations in Paragraph 74.

13. Defendants admit that Chantelle Glass was booked into the jail in July 2018. Defendants deny the remaining allegations in Paragraph 79 for want of knowledge.

14. Defendants state that any video footage speaks for itself. Defendants deny the remaining allegations in Paragraph 82 of the Complaint for want of knowledge.

15. Defendants state that any video footage speaks for itself. Defendants deny the remaining allegations in Paragraph 83 of the Complaint for want of knowledge.

16. Defendants deny the allegations in Paragraph 124 of the Complaint for want of knowledge.

17. Defendants admit that Plaintiff and his counsel have initiated certain public records requests and related legal action against Cuyahoga County and others. Defendants deny the remaining substantive allegations, if any in Paragraph 94 of the Complaint.

18. Indictments referenced in Paragraph 95 of the Complaint, speak for themselves. Defendants deny for want of information the remaining allegations in said paragraph.

19.     Defendants admit that Blanche Hill was in the County but deny the remaining allegations in Paragraph 127 of the Complaint for want of knowledge.

20.     Defendants admit that Lawrence was placed in disciplinary isolation as a result of his attacks on Inmate Norris and Corrections Officer Witt but deny the remaining allegations in Paragraph 112 of the Complaint.

21.     Defendants admit the Lawrence was transferred from the Cuyahoga County Corrections Center but deny the remaining allegations in Paragraph 114 of the Complaint

22.     The allegations in Paragraph 115 are vague and, therefore, Defendants deny the allegations in Paragraph 115 of the Complaint for want of knowledge.

23.     The allegations in Paragraph 118 are vague and, therefore, Defendants deny the allegations in Paragraph 118 of the Complaint for want of knowledge.

24.      Defendants admit that Plaintiff and his counsel have initiated certain public records requests and related legal action against Cuyahoga County and others. Defendants deny the remaining substantive allegations, if any in Paragraph 119 of the Complaint.

25.     The allegations in Paragraph 131 are vague and, therefore, Defendants deny the allegations in Paragraph 131 of the Complaint for want of knowledge.

26.      Defendants admit that Plaintiff and his counsel have initiated certain public records requests and related legal action against Cuyahoga County and others. Defendants deny the remaining substantive allegations, if any in Paragraph 132 of the Complaint.

27.     Defendants admit that Jackintell was in the jail in 2018 but deny the remaining allegations in Paragraph 135 for want of knowledge

28.     The allegations in Paragraph 140 are vague and, therefore, Defendants deny the allegations in Paragraph 140 of the Complaint for want of knowledge.

29.     Defendants admit that Plaintiff and his counsel have initiated certain public records requests and related legal action against Cuyahoga County and others. Defendants deny the remaining substantive allegations, if any in Paragraph 141 of the Complaint.

30.     Defendants admit that Daniel Ford Jr. was booked into the jail in 2018. Defendants deny for want of information the remaining allegation in Paragraph 144.

31.     Defendants admit that Plaintiff and his counsel have initiated certain public records requests and related legal action against Cuyahoga County and others. Defendants deny the remaining substantive allegations, if any in Paragraph 151 of the Complaint.

32.     Defendants admit that Debose was placed in a restraint chair but deny the remaining allegations in Paragraph 152 of the Complaint for want of knowledge.

33.     The allegations in Paragraph 156 are vague and, therefore, Defendants deny the allegations in Paragraph 140 of the Complaint for want of knowledge.

34.     Indictments referenced in Paragraph 159 of the Complaint, speak for themselves. Defendants deny for want of information the remaining allegations in said paragraph.

35.     Indictments referenced in Paragraph 160 of the Complaint, speak for themselves. Defendants deny for want of information the remaining allegations in said paragraph.

36.     Answering Paragraphs 162, 180, 194, 202, 207, 214, 224, 227, 233, 238, 241, 245, 249, 253, 257 of Plaintiff's Complaint, Defendants incorporate the preceding admissions, averments and denials as if rewritten herein.

37.     The document referenced in Paragraph 169 speaks for itself.  Defendants deny for want of information the remaining allegations in said paragraph.

38.     Answering Paragraph 176 of the Complaint, Defendants admit the State of Ohio Department of Rehabilitation reported deficiencies at the jail. Defendants deny for want of information the remaining allegations in said paragraph.

39.     The document referenced in Paragraph 188 speaks for itself.  Defendants deny for want of information the remaining allegations in said paragraph.

40.     Answering Paragraph 216 of the Complaint, Defendants admit that the County has received federal funds.  Defendants deny the remaining allegation in said paragraph.

41.     The document referenced in Paragraph 268 speaks for itself.  Defendants deny for want of information the remaining allegations in said paragraph.

42.     Paragraph 269 is vague, and Defendants therefore deny for want of information.

## AFFIRMATIVE DEFENSES

43.     Defendants reserve the right to add any additional Affirmative Defenses as the evidence and discovery so disclose.

44.     Defendants are entitled to all immunities available under federal or state law, including, but not limited to, absolute and qualified immunity.

45.     At all times hereto, Defendants acted reasonably and in good faith.

46.     Plaintiff has failed to exhaust available administrative remedies under federal (including the PLRA) and Ohio law.

47.     Plaintiff's Complaint fails to state a cause of action for which relief may be granted against these answering Defendants.

48.     Defendants state that if Plaintiff sustained any damage or injury, such damage or injury was directly or proximately caused or contributed to by the negligence of persons, including the Plaintiff, other than these answering Defendants.

49.     Plaintiff's injuries and/or damages, if any, were caused by a third party over whom Defendants had no control or duty to control.

50.     Plaintiff has failed to mitigate damages.

51.     Any and/or all damage or injury complained of was proximately caused by intervening and/or superseding acts of persons or entities.

52.     Defendants assert that some or all damages are limited by Ohio Revised Code § 2744.05.

53.     Defendants are entitled to all immunities and defenses under Ohio Revised Code Ch. 2744 and all applicable sections therein.

54.     Plaintiff is not entitled to recover punitive damages, prejudgment interest or post-judgment interest, or attorney fees or costs from these answering Defendants based upon his claims.

55.     Plaintiff's claim for punitive damages is barred by R.C. 2744.05.

56.     Plaintiff is not entitled to equitable remedies from these answering Defendants based upon his claims.

**WHEREFORE,** having fully answered, Defendants pray that Plaintiff's Complaint be dismissed, and that they go hence without cost or delay.

Respectfully Submitted,

/s/ Robert F. Cathcart
Robert F. Cathcart (0071747)
Assistant Prosecuting Attorney
The Justice Center, Courts Tower
1200 Ontario Street, 8th Floor
Cleveland, Ohio  44113
216.443.7789 Phone
rcathcart@prosecutor.cuyahogacounty.us

## **JURY DEMAND**

Defendants demand a trial by jury by the maximum number of jurors permitted by law for each claim and cause of action in the Complaint.

/s/ Robert F. Cathcart